UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                                  Case No. 3:23-cv-1496-MMH-JBT

C. PITTMAN,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff James T. Murzike, an inmate of the Florida penal system, filed a pro se document titled "Permanent Injunction & A Temporary Restraining Order" (Doc. 1) dated December 18, 2023. In the filing, Murzike asserts he has been subjected to sexual and physical abuse, contaminated and poisoned food or empty food trays, and false disciplinary reports by correctional staff in retaliation for filing grievances.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause

>the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Murzike has failed to carry his burden. Therefore, his request is due to be denied.[1]

Additionally, insofar as Murzike seeks to challenge the conditions of his confinement, he has not properly initiated a civil action in this Court.[2] See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). As Murzike has been previously advised,[3] the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]"). The form requires a plaintiff to include detailed information

---

[1] To the extent Murzike seeks retention of any video evidence, he may submit an inmate request or grievance in accordance with the Florida Department of Corrections' rules and regulations.

[2] Notably, Murzike currently has seven civil rights cases pending in this Court. See Case Nos. 3:23-cv-1164-HLA-PDB, 3:23-cv-1125-BJD-JBT, 3:23-cv-1118-BJD-JBT, 3:23-cv-674-BJD-PDB, 3:23-cv-638-MMH-MCR, 3:23-cv-630-MMH-LLL, 3:23-cv-98-BJD-PDB.

[3] See Case Nos. 3:18-cv-1366-MMH-PDB, 3:22-cv-598-BJD-MCR, 3:22-cv-1290-HES-LLL, 3:22-cv-1359-HLA-PDB, 3:23-cv-75-MMH-MCR, 3:23-cv-179-MMH-LLL.

regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Murzike has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Murzike a civil rights complaint form. If Murzike chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, this 22nd day of December, 2023.

MARCIA MORALES HOWARD
United States District Judge

caw 12/21
c:
James T. Murzike, #L07713